## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

S.V.,

        Plaintiff,

  v.                                           Case No. 12-C-705

KENNETH KRATZ,                   Consolidating Case 10-C-919

        Defendant.

## ORDER GRANTING MOTION TO WITHDRAW REFERENCE

      Plaintiff S.V. filed a civil action against Defendant Kenneth Kratz, the former district attorney of Calumet County, seeking damages under 42 U.S.C. § 1983 for Kratz's alleged sexual harassment of her. The Court denied a motion to dismiss for failure to state a claim and/or summary judgment, and the case was proceeding to trial when Kratz filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. As a result, the case before this Court was stayed. Plaintiff has not filed any proof of her claim in the bankruptcy proceeding, and she does not intend to submit the determination of her § 1983 claim to the jurisdiction of the bankruptcy court or waive her right to a jury trial of that claim in the district court. She has, however, commenced an adversary proceeding in the bankruptcy action seeking a determination that the debt Kratz allegedly owes as a result of his sexual harassment of Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) because the injuries inflicted were willful and malicious. Plaintiff has also filed in this Court a motion to withdraw automatic reference to the bankruptcy court of both the determination

of her civil rights claims and the adversary proceeding to determine its dischargeability. The motion will be granted.

Section 157 of Title 28 provides for both permissive and mandatory withdrawal of a reference to the bankruptcy court:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). In addition, Section 157 states that the district court "shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose ...." 28 U.S.C. § 157(b)(5).

Plaintiff argues that the Court must withdraw the reference of her civil rights claim because that claim is in essence a personal injury tort claim within the meaning of Section 157(b)(5). Neither Title 28 nor Title 11 offer a definition of the phrase "personal injury tort claim," and courts have disagreed as to what the phrase means. As Judge Stadtmueller noted in addressing this issue, courts have offered several diverging views as to what constitutes a "personal injury tort claim." *Lewis v. Cekosh*, 2010 WL 2102452, * 2 (E.D. Wis. May 21, 2010) (citing *In re Arnold*, 407 B.R. 849, 851–52 (Bankr. M.D.N.C. 2009)). Some courts, adopting the narrowest definition of the term, hold that a personal injury tort claim requires an actual physical injury. *Id.* at *3. Other courts at the other end of the spectrum adopt a more expansive view and hold that the term "embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of

2

personal rights, such as libel, slander and mental suffering." *Id*. (quoting *In re Boyer* 93 B.R. 313, 317 (Bankr. N.D.N.Y. 1988)).

In this Court's view, Plaintiff's § 1983 claim falls within the rule requiring trial in the district court. The term personal injury encompasses more than just physical injuries. It means injury to the person of another. The mental and emotional suffering and humiliation alleged by Plaintiff constitute injuries to her person. Moreover, Section 1983 has been repeatedly characterized as a tort statute. *See, e.g., Wilson v. Garcia*, 471 U.S. 261, 277 (1985) ("Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract"); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 516 (7th Cir. 1993) (§ 1983 claim of race discrimination in employment under the Equal Protection Clause is "a constitutional tort rather than a contract claim, as section 1983 is a tort statute"); *Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992) ("all section 1983 actions are best characterized as personal injury actions"). *See also Heck v. Humphrey*, 512 U.S. 477, 483 (1994) ("We have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability"). The Court therefore concludes that withdrawal of the reference as to Plaintiff's civil rights claim is mandatory under the statute. Though neither party mentions it, the same conclusion would seem to follow as a constitutional matter from consideration of the Supreme Court's decision in *Stern v. Marshall*, ⸺ U.S. ⸺, 131 S.Ct. 2594, 2605 (2011). *See In re Palazzola*, 2011 WL 3667624, * 5 (Bankr. N.D. Ohio Aug 22, 2011) (holding that Plaintiffs' § 1983 claim "is the subject of a suit at the common law" such that Article III assigns responsibility for deciding that claim to Article III judges) (citing *Marshall*, 131 S.Ct. at 2609). Either way, it would seem withdrawal is required.

Even if withdrawal of the reference of Plaintiff's civil rights claim was not statutorily or constitutionally mandated, however, the Court would reach the same result in exercising the discretion afforded it under the statute to withdraw the reference "for cause shown." 28 U.S.C. § 157(d). Though permissive withdrawal is the exception, rather than the rule, district courts have "broad discretion to determine whether to withdraw a reference based on cause" . . . . *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007). The statute itself does not define what constitutes cause, but courts have considered a number of factors including whether the proceeding is core or non-core, considerations of judicial economy and convenience, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial. *See, e.g., In re Beal*, 410 B.R. 613, 617 (N.D. Ill. 2009); *In re Peanut Corp. of America*, 407 B.R. 862, 865 (W.D. Va. 2009); *In re Apponline.Com., Inc.*, 303 B.R. 723, 726 (E.D.N.Y. 2004). All of these factors support withdrawal of the reference in this case.

Both matters, the underlying civil rights claim and the question of whether the alleged debt is dischargeable, are core proceedings within the meaning of Section 157(b)(2). Given this Court's previous experience with this case in particular and Section 1983 cases in general, judicial economy is likely served by withdrawing the reference. In light of this Court's previous ruling in the underlying case, withdrawing the reference will improve bankruptcy administration by removing a case with which it is not as familiar and avoid the possible appearance of forum shopping. Finally, Plaintiff has requested and is entitled to a jury trial on her claim. Unless Plaintiff's motion to withdraw the reference concerning her claim is granted, her right to a jury trial would be

conditioned on Kratz's consent. 28 U.S.C. § 157(e). Plaintiff's right to a jury trial should not be up to the person she has sued.

For all of these reasons, Plaintiff's civil rights action should be tried in the Court in which it has been pending now for close to two years. And since the underlying claim will be tried in this Court, it only makes sense that the question of whether the debt, if any, arising out of that claim is dischargeable be decided by this Court as well. Severing the question of whether Kratz's conduct was willful and malicious from the trial of the underlying claim would needlessly waste judicial resources and open the door to inconsistent findings. Accordingly, the reference for Plaintiff's adversary proceeding will also be withdrawn.

For the reasons set forth, Plaintiff's motion is granted. This case will be consolidated with Case No. 10-C-919, and the Clerk is directed to set both matters on the Court's calendar for a Rule 16 telephone conference to discuss further scheduling.

**SO ORDERED** this   25th   day of July, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
